UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CMACO AUTOMOTIVE SYSTEMS,
INC.,

                Plaintiff,

v.

WANXIANG AMERICA
CORPORATION,

                Defendant.
_____/

CIVIL ACTION NO. 05-60087

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS

Plaintiff's Motion to Compel Responses to Document Requests, filed January 12, 2007, was referred to the undersigned magistrate judge for hearing and determination. The parties appeared for hearing on February 8, 2007. Having reviewed Plaintiff's Motion, together with Defendant's Response and Plaintiff's Reply, and having heard the arguments of counsel, I find that the Motion should be granted.

The documents sought are not within the physical custody of the Defendant. Rather, they are in the physical possession of several foreign corporations, characterized for purposes of this Motion as "Wanxiang China." Similar circumstances existed with respect to earlier document requests by Plaintiff which were ruled upon by Magistrate Judge Wallace Capel Jr., to whom this case was formerly assigned. Following a hearing on May 2, 2006, Magistrate Judge Capel entered an Order directing Defendant to produce documents from the following entities: Wanxiang Group, Ltd., Wanxiang Import and Export Co. Ltd., Hangzhou Wanxiang Transmission Shaft Co. Ltd. and Wanxiang Quinchao.

Production was ordered despite the fact that Defendant was not in physical possession of the documents sought.   The magistrate judge relied, in part, upon the assurances of Defendant's counsel that the documents in question could be obtained from the above-named related business entities.  The parties agree that Defendant complied with the Order and produced the documents.

The instant motion relates to additional documents subsequently requested by Plaintiff.  In this instance, Defendant asserts that it has produced all responsive documents within its custody, but that it lacks the necessary "control" of the related foreign corporate entities necessary to secure possession of any requested materials in their physical custody.

At oral argument, Defendant's attorney stated that Wanxiang Holding Group is at the top of a pyramid of related foreign business entities, including those specified by Magistrate Judge Capel.  Wanxiang Holding Group, together with those businesses listed in the prior order shall be referred to herein as "Wanxiang China."   Defense counsel reports that production of the documents pursuant to Magistrate Judge Capel's Order was secured with the cooperation of Wanxiang China, but that similar accommodation has been refused with respect to the documents now at issue.

In response, Plaintiff's counsel maintains that Defendant is a subsidiary of Wanxiang Holding Group, and that Wanxiang China is a collection of corporate entities inter-related by business concerns, family relationships and common officers and directors.  Plaintiff emphasizes that Wanxiang China has produced documents in this case, as well as numerous declarations which Defendant has employed to support its position in this litigation.  Finally, Plaintiff's counsel asserts that Defendant is the assignee of Wanxiang

2

China, with whom the contract in suit was originally negotiated.  Defendant's President, Mr. Ni, is an Executive Vice President of Wanxiang China, as well as the son-in-law of the primary owner, Mr. Lu.

A party seeking production of documents bears the burden of establishing the responding party's control over those documents.  "Control" is defined as the legal right, authority or ability to obtain documents upon demand.  <u>Camden Iron and Metal Co., Inc. v. Marubeni America Corp.</u>, 138 F.R.D. 438 (D. New Jersey 1991); <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984).

While physical possession and/or the legal right to the custody of corporate documents may be the purest forms of "control,"

> . . . where the litigating corporation is the subsidiary and the parent possesses the records, courts have found control to exist on the following alternate grounds:
>
> > (1)  the alter ego doctrine which warranted "piercing the corporation veil";
> >
> > (2) the subsidiary was an agent of the parent in the transaction giving rise to the lawsuit;
> >
> > (3) the relationship is such that the agent - subsidiary can secure documents of the principal - parent to meet its own business needs and documents helpful for use in litigation;
> >
> > (4) there is access to documents when the need arises in the ordinary course of business; and
> >
> > (5) subsidiary was marketer and servicer of parents products . . . in the United States.

<u>Camden Iron and Metal Co., Inc. v. Marubeni America Corp.</u>, 138 F.R.D. at 441-42 (citing

3

<u>Gerling International Insurance Co. v. Commissioner of IRS</u>, 839 F.2d 131, 140-41 (3rd Cir. 1988).

Based upon the representations of the parties in their written submissions, the statements of their counsel and the exhibits submitted in connection with the instant Motion, I conclude that grounds (2) through (4) exist in this case. In a letter to CMA on November 21, 1998, Lu Xiang Rong, of Wanxiang Import and Export Co. Ltd., stated that the "Wanxiang Group Corporation, in the present posture of the international market, has well defined the respective lines of duties for each of its member companies towards the development of our market." The letter explained that Defendant, Wanxiang America Corporation, is responsible for the development of the U.S. market, and that "[i]n order to better serve your company in the development of the U.S. market, we deem it justifiable for Wanxiang America Corporation to negotiate and execute business contract with your company." That letter, and the subsequent course of dealings between the parties supports the inference that Defendant was acting as an agent of the larger corporate network.

The transcript of the May 2, 2006 hearing before Magistrate Judge Capel contains statements by Defendant's counsel which appear to confirm that Wanxiang America Corporation can get documents from other business entities in the Wanxiang China network. Further, as pointed out by Plaintiff's counsel, Defendant has been able to obtain various sworn declarations from agents of the foreign members of the Wanxiang China network to support its own position in this litigation.

I am further satisfied that Defendant has reasonable access to documents from its foreign counterparts when the need arises in the ordinary course of business. Defense

4

counsel confirmed at the hearing that Defendant shares at least one common director with the Wanxiang Holding Group.  The President of the Defendant corporation, Mr. Ni, is also an Executive Vice-President of Wanxiang Holding Group.  The letter from Mr. Lu, asserts that the various Wanxiang entities are united in an effort to develop a world market, and it appears that members of his family hold prominent executive positions.  It is difficult to imagine that Wanxiang America could be foreclosed from access to business documents from the Wanxiang China network when the need arises for them in the ordinary course of business.

Based upon the foregoing considerations, I find that Defendant has sufficient "control" over the documents sought by Plaintiff to obtain and produce them in the course of discovery.  IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Responses to Document Requests is granted.  Defendant is ordered to produce documents in possession of the Wanxiang China network which are responsive to Plaintiff's Document Requests numbered 55, 61, 64, 65 and 71.  IT IS FURTHER ORDERED that Document Request 71 shall be interpreted as subsequently modified by Plaintiff (to request documents reflecting communications between Wanxiang China and Wanxiang America regarding this lawsuit).  Counsel for the parties have advised the court that they have reached agreement as to Defendant's Response to Requests numbered 49 - 54, 58-60, 62, 63, 68, 69, 70 and 74-76.

IT IS FURTHER ORDERED that Defendant shall comply with this Order by producing the requested documents within fourteen (14) days of the date of this Order.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: February 26, 2007

---

## CERTIFICATE OF SERVICE

I hereby certify on February 26, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 26, 2007.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217