UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CMACO AUTOMOTIVE SYSTEMS, INC.,
d/b/a CMA FORGING COMPANY,

      Plaintiff,

v.

WANXIANG AMERICA CORPORATION,

      Defendant.
_____/

Case No. 05-60087

Honorable John Corbett O'Meara

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S FEBRUARY 8, 2007 MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S FEBRUARY 8, 2007 MOTION TO DISMISS; AND DENYING PLAINTIFF'S FEBRUARY 8, 2007 MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter came before the court on defendant Wanxiang America Corporation's February 8, 2007 motion for summary judgment; its February 8, 2007 Renewed Motion to Dismiss Based on Forum Non Conveniens; and plaintiff CMACO Automotive System's February 8, 2007 motion for partial summary judgment. Responses and reply briefs were filed, along with supplemental briefs; and oral argument was heard August 23, 2007.

### BACKGROUND FACTS

Plaintiff CMACO Automotive Systems, Inc., ("CMA"), a California company, entered into an exclusive partnership agreement ("PA") with Wanxiang China to manufacture parts Plaintiff would sell to Visteon. Wanxiang China's wholly owned subsidiary in Kentucky, defendant Wanxiang America ("WAC"), was established to assist the growing number of clients in America. Plaintiff claims that the PA was assigned to WAC. Plaintiff further claims that Wanxiang China and

Visteon then circumvented Plaintiff; and Wanxiang China began selling parts directly to Visteon. Plaintiff's suit is against WAC, the American subsidiary, for breach of contract, unjust enrichment, promissory estoppel, tortious interference with contract, and unfair competition.

Defendant WAC's motion for summary judgment argues that CMA's claims are time-barred, that WAC is not bound to the PA, and that the PA does not apply to the disputed parts. Defendant WAC's renewed motion to dismiss is based on forum non conveniens. Plaintiff's motion for partial summary judgment seeks summary judgment on Count I, breach of the 1998 PA; or in the alternative, summary judgment on Count V, estoppel, and summary judgment on Count IV, unjust enrichment.

## LAW AND ANALYSIS

In its motion for summary judgment, defendant WAC contends that Michigan law requires application of California's statutes of limitations and, as a result, Plaintiff's causes of action are time-barred. Under Michigan's borrowing statute, "[a]n action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statue of limitations of either this state or the place without this state where the cause of action accrued." Mich. Comp. Laws Ann. § 600.5861.

Plaintiff CMA contends that the Michigan Court of Appeals has explained that "the borrowing statute applies only if an action accrued without any essential facts giving rise to the cause of action occurring in Michigan." Scherer v. Hellstrom, 270 Mich. App. 458, 462 (2006). Relying on Scherer, Plaintiff claims, "All of the conduct by WA forming the basis of CMA's claims (both in contract and in tort) took place in Michigan (and in this District). It was in Michigan where WA approached Visteon, CMA's customer, and persuaded it to bypass CMA. It was in Michigan where

WA sold the disputed stud yokes to Visteon in late 2001." Plaintiff's resp. br. at 12 (emphasis in original).

As pointed out by defendant WAC, however, the court in Scherer based its holding on the fact that the defendant was a Michigan resident. "Because defendant was residing in Michigan when she failed to fulfill her promise, the plaintiff's cause of action cannot be said to have accrued 'without this state' as contemplated by the borrowing statute." Scherer, 270 Mich. App. at 464 (emphasis added).

In this case, plaintiff CMA is a California corporation suing WAC, a Kentucky corporation located in Illinois. The only Michigan connection is that the alleged breach involved sales of parts to Visteon in Michigan. The Michigan borrowing statute cited above references the place "where the cause of action accrued." Likewise, the Michigan Supreme Court has held that "[a] claim accrues when and where the injury and damage are suffered." Parish v. B.F. Goodrich, 395 Mich. 271, 276 (1975). In this case any injury alleged by CMA would have been felt in California, the state in which it is incorporated and has its only place of business, not Michigan. Therefore, Michigan's borrowing statute applies; and the court will apply California's four-year statute of limitations for written contract cases. Cal. Civ. Proc., CODE § 337.

For purposes of Michigan's borrowing statute, the time a claim has accrued is determined under the law of the same sate as the statute of limitations that is applied. Szlinis v. Molded Fiber Glass Co., Inc., 80 Mich. App. 55, 60 (1977). California law provides that a breach of contract claim accrues at the time of the breach. Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exc., 132 Cal. App. 4th 1076, 1085 (2005).

Plaintiff argues that California law allows for the application of the discovery rule to breach of contract actions. Gryczman v. 4550 Pico Partners, Ltd., 107 Cal. App. 4th 1, 6 (2002). Two

principles govern the application of the discovery rule in such actions: 1) "plaintiffs should not suffer where circumstances prevent them from knowing they have been harmed," and 2) "defendants should not be allowed to knowingly profit from their injuree's ignorance." Id. at 5-6. Another California case found that "the limitations period begins once the plaintiff has notice or information of circumstances to put a reasonable person on inquiry. . . . A plaintiff need not be aware of the specific 'facts' necessary to establish the claim. . . . Once the plaintiff has a suspicion of wrongdoing . . . she must decide whether to file suit or sit on her rights." Jolly v. Eli Lilly & Co., 44 Cal 3d 1103, 1110-11 (1988).

Plaintiff contends that it was not aware of specific facts necessary to establish a claim until 2004. "While Chi learned in February 2001 that Visteon contacted WA directly for price quotes for the disputed parts, he did not consider this by itself improper or suspicious. Chi did not suspect that WA was supplying the stud yokes (and the three-legged spider) directly to Visteon until 2004, after he was tipped off by Dale Forsythe, a contract employee, who came across a shipping crate at Wanxiang's driveshaft factory bearing a part number resembling one of the disputed stud yokes." Plaintiff's resp. br. at 14.

However, in October 2003 Chi had written to Wanxiang China and stated, "Our relationship later was damaged because you are making the parts that we were quoted from you originally. We thought this would be the time to 'to leave behind the past and look forward' when you approached us to talk to Visteon for the machined weld yokes." Ex. 46. Therefore, it is clear that Chi knew that the breach had previously taken place. Furthermore, Chi admitted in his deposition that he had a "suspicion" that WAC was dealing directly with Visteon in January or February 2001. Chi dep. at 709.

Therefore, the breach of contract claim accrued in January or February 2001 when Visteon sent a Request for Quote ("RFQ") to both CMA and Visteon itself. At that time Chi had attempted to get Visteon to revalidate the quote for the 1998 yokes, but Visteon failed to respond. It was at that point that if Chi had investigated, he would have known that Visteon was not responding because it was giving its own quote to WAC. Thus, under California's four-year statute of limitations, Plaintiff's breach of contract claim is time-barred.

CMA's unjust enrichment and promissory estoppel claims, asserted in the alternative to its breach of contract claim, are also barred under the borrowing statute analysis. The doctrine of laches presumes that quasi-contractual, equitable claims are barred by the corresponding statute of limitations for the analogous action at law. Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002). Since CMA's unjust enrichment and promissory estoppel claims are asserted in the alternative to its breach of contract claim, they too are time-barred under the same four-year limitations period.

Likewise, CMA's business tort claims, tortious interference and unfair competition, are time-barred. Under Michigan's borrowing statute, CMA's tortious interference claim is governed by California's two-year statute of limitations. Anderson v. Allstate Ins. Co., 630 F.2d 677, 683 (9th Cir. 1980). Under California law, a tortious interference claim accrues at "the time when the cause of action is complete with all of its elements." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). CMA's tortious interference claim accrued when WAC began shipping the disputed parts to Visteon in December 2001, thereby allegedly denying CMA its purported profits on these parts. Therefore, CMA's tortious interference claim was time-barred in December 2003, long before CMA filed suit in April 2005.

CMA's unfair competition claim is time-barred as well, though not under California law, which provides a four-year statute of limitations. Cal. Bus. & Prof. CODE § 17208. Michigan's statute of limitations for unfair competition is three years. Mich. Comp. Laws Ann. § 600.5805(10). The borrowing statute requires the application of whatever limitations period is shorter. <u>Hover v. Chrysler Corp.</u>, 209 Mich. App. 314, 317-18 (1995).

In Michigan, like California, tort actions accrue when all necessary elements, including damages, can be alleged in a complaint. <u>Blazer Foods, Inc. v. Restaurant Props., Inc.</u>, 259 Mich. App. 241, 254 (2003). Again, CMA's unfair competition claim accrued when WAC began shipping the disputed parts to Visteon in December 2001. Under Michigan's three-year statute of limitations, this claim was-time barred in December 2004, long before CMA filed suit in April 2005.

## ORDER

It is hereby **ORDERED** that defendant WAC's February 8, 2007 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that plaintiff CMA's February 8, 2007 motion for partial summary judgment is **DENIED.**

It is further **ORDERED** that defendant WAC's February 8, 2007 renewed motion to dismiss is **DENIED.**

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Dated: September 10, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 10, 2007, by electronic and/or ordinary mail.

                <u>s/William Barkholz</u>
                Case Manager